IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROCK SOLID CONSTRUCTION SERVICES, LLC<br><br>Defendant. | Case No. _____ |

# COMPLAINT

1. Plaintiff the United States of America brings this civil action to enforce an Internal Revenue Service (IRS) levy against defendant Rock Solid Construction Services, LLC ("Rock Solid Construction") and to obtain a judgment against Defendant for failure to honor the levy. The United States also seeks penalties for Defendant's failure to comply with the levy.

2. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant has a principal place of business in this district, and because a substantial part of the

events or omissions which gave rise to the United States' claims in this action occurred within this district.

## *Travis Scott's Tax Liabilities*

5. The taxpayer, Travis R. Scott, is an individual who resides in Lakeland, Florida.

6. Rock Solid Construction has a principle place of business at 3905 Keene Rd, Plant City, FL 33565.

7. Scott is a 50% shareholder of Rock Solid Construction. Scott's father is also a 50% shareholder of Rock Solid Construction.

8. Scott receives wages and other income, reported on Form W-2 and Schedule K-1, from Rock Solid Construction.

9. Scott is a tax defier who fails to comply with his federal tax obligations.

10. For example, for the years 2016 and 2017, Scott failed to report the income he received from Rock Solid Construction, falsely reporting to the IRS on Forms 1040 that he earned no income, and requesting a refund of all tax withheld from his earnings.

11. Separately, Scott manipulated the Schedule K-1's he received from Rock Solid Construction, crossing out the dollar amounts listed on the Schedule K-1's and writing in "0"' income by hand. Scott submitted these marked-up schedule K-1's to the IRS, which he labeled as a "rebuttal instrument to correct erroneous information". Scott also prepared Form 4852, substitute Form W-2 Wage and Tax Statements, on which he stated he earned no wages.

12. During a September 2019 meeting with the IRS in Tampa, Florida, Scott stated that he did not believe that he is paid "wages," that wages constitute property, not taxable income, and that the IRS is not entitled to this property.

13. On December 21, 2015, a delegate of the Secretary of the Treasury assessed

income tax of $12,533 against Scott for tax year 2009. Despite notice and demand for payment, Scott did not pay this tax liability, and he currently owes (as of February 21, 2021) $15,990.77 in unpaid tax, interest and penalties on account of this assessment.

14. Additional assessments were made against Scott under IRC § 6702(a) for filing frivolous tax returns for 2009, 2010, and 2011, and he currently owes the following amounts in account of those assessments as of as of February 21, 2021:

| Year | Assessment Date | Assessed Amount | Current Unpaid Balance (inclusive of penalties and interest, less any payments or credits) |
|---|---|---|---|
| 2009 | 1/12/2015 | $5,000 | $6,436,09 |
| 2010 | 10/27/2014 | $15,000 | $19,430.90 |
| 2011 | 9/1/2014 | $5,000 | $6,506.85 |
| | | | Total: $32,373.84 |

15. As of February 21, 2021, Scott owes $48,364.61 on account of the assessments described above, plus interest and statutory additions that continue to accrue.

16. A delegate of the Secretary of the Treasury properly gave Scott notice of the unpaid taxes described in the above paragraphs and made demand for their payment. Despite notice and demand for payment, Scott has refused and/or neglected to pay the amounts owed.

17. On March 30, 2016, the IRS sent Scott a notice of its intent to levy to collect his unpaid liabilities and afforded him a right to request a collection due process hearing. Scott did not request a hearing.

*Rock Solid Construction's Failure to Honor Levy*

18. On March 21, 2019, the IRS served a Notice of Levy (Form 668-W) on Rock Solid Construction to collect the liabilities described above. The Notice of Levy required Rock Solid Construction to remit funds payable to Scott to the IRS, but it failed to remit any payment to the IRS.

19. Section 6331(e) of the Internal Revenue Code states that "the effect of a levy on salary or wages payable or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under [26 U.S.C. Section] 6343." The wages Rock Solid Construction pays to Scott fall within this provision.

20. On May 3, 2019, the IRS served a Final Demand for Payment (Form 668-C) on Rock Solid Construction by hand delivery. The Final Demand is attached as Exhibit A. Once again, Rock Solid Construction failed to comply with the Notice of Levy.

21. Instead, on May 8, 2019, Rock Solid Construction sent a letter (Exhibit B) to the IRS indicating that it would refuse to honor the levy. The letter states in part:

> We are in receipt of your Form 668-W regarding one Travis R. Scott. Rock Solid Construction Services is committed as a matter of policy, and civic duty, to uphold the law, and it is our sincere desire to comply with all lawful obligations to which we are subject. You suggest such an obligation in your form, but we are troubled by what appear to us to be several areas in which your presentations, the statutory authority under which they are made, and the facts regarding Travis R. Scott do not seem to mesh well.

Exhibit B at 1.

22. The letter elsewhere states that "[a]s our [Rock Solid Construction's] obligation to Travis R. Scott is entirely unambiguous, we find it impossible to honor your directive without clarification." Exhibit B at 2.

23. Despite the Notice of Levy requiring it to remit all property and rights to belonging to Scott to the IRS, Rock Solid Construction continues to pay Scott wages and income

reportable on Schedule K-1.

24. To date, despite the levy, Rock Solid has remitted no payment to the IRS on account of the Notice of Levy.

25. Rock Solid Construction lacks reasonable cause for failing to honor the levy it received.

26. Pursuant to 26 U.S.C. § 6332(d)(2), any person required to surrender property or rights to property pursuant to a levy, and who fails to so surrender without reasonable cause, is liable for a penalty equal to 50 percent of the amount recoverable under 26 U.S.C. § 6332(d)(1).

27. The levy made on Rock Solid Construction has not been released. Pursuant to 26 U.S.C. § 6332(d)(1), Rock Solid Construction is liable to the United States in the amount equal to the value of the total amounts paid to Scott (rather than the IRS) in violation of the levy, plus interest from the date of each payment to Scott, but not exceeding the amount of taxes, interest, and penalties owed by Scott. Those payments subject to levy include any payment to Scott subsequent to the service of Notice of Levy, minus any applicable exemption pursuant to 26 U.S.C. § 6334(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That the Court find that Rock Solid Construction has paid Travis R. Scott salary or wages subject to levy, that Rock Solid Construction has not surrendered such payments to the IRS, and that such failure to surrender was without reasonable cause;

B. That the Court enter judgment Rock Solid Construction for sums determined to be paid to Scott in violation of the IRS levy, plus statutory interest on each payment to Scott in violation of the levy from the dates thereof, up to the amount of Scott's unpaid federal income tax liabilities for 2009, 2010 and 2011;

C. That the Court enter judgment against Rock Solid Construction for a penalty pursuant to 26 U.S.C. § 6332(d)(2) in an amount equal to 50 percent of the amount recoverable under 26 U.S.C. § 6332(d)(1); and

D. That the Court grant the United States such other and further relief, including costs, as is just and equitable.

Date: March 19, 2021

Respectfully submitted,

David A. Hubbert
Acting Assistant Attorney General

By:

*/s/ Christopher J. Coulson*
CHRISTOPHER J. COULSON
New York Bar Number 5162383
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0061
Facsimile: (202) 514-4963
Christopher.J.Coulson@usdoj.gov

*Of Counsel*

MARIA CHAPA LOPEZ
United States Attorney